IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| VICKY PRUITT, Administrator of the Estate of Harold Jefferson Bray, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:14-cv-00006 |
| v. | ) ) | **MEMORANDUM OPINION** |
| BROC, LLC, | ) ) | By: Hon. Jackson L. Kiser Senior United States District Judge |
| Defendant. | ) | |

Plaintiff filed this wrongful death action on February 3, 2014. On September 9, 2014, Defendant filed a motion to exclude Plaintiff's proposed expert witness, Robin Taylor, R.N. ("the Motion"). Defendant also moved for summary judgment, arguing that Plaintiff could not succeed on its claims without an expert to testify to the relevant and applicable standards of care. (See Br. in Supp. of Def.'s Mot. for Summ. J., Sept. 9, 2014 [ECF No. 16].) Plaintiff responded (Pl.'s Br. in Opp. to Def.'s Mot. for Summ. J., Sept. 22, 2014 [ECF No. 24]), and the parties appeared before me in open court on October 6, 2014, to argue their respective positions. After fully considering the briefs, relevant evidence, and arguments of counsel, I informed the parties that Defendant's Motion would be denied. This Opinion serves to supplement my statements in open court.

I. **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**[1]

Prior to his death, Harold Bray was a patient at Blue Ridge Nursing Center ("BRNC") in Martinsville, VA. BRNC is owned and operated by Defendant BROC, LLC ("Defendant"). Mr. Bray died on July 24, 2012. Plaintiff Vicky Pruitt is the administrator of his estate.

---

[1] On a defendant's motion for summary judgment, the facts are taken in the light most favorable to the plaintiff.

Mr. Bray was admitted to BRNC on October 25, 2011. At the time, he was assessed as being a "high fall risk," and certain fall precautions were put into place. (Compl. ¶ 8–15.) On July 2, 2012, at approximately 1:30 a.m., employees at BRNC heard calls for help coming from Mr. Bray's room. (Id. ¶ 17.) When they responded to the calls, they discovered that Mr. Bray had gotten out of bed and, while wandering around the room, had fallen. (Id. ¶ 17–18.) As a result of his fall, Mr. Bray suffered a femur fracture, and he underwent surgery at Wake Forest Baptist Medical Center to repair it. (Id. ¶ 19–22.)

On July 12, 2012, Mr. Bray was transferred back to BRNC. (Id. ¶ 23.) On July 23, 2012, BRNC employees found Mr. Bray "alert and unresponsive." (Id. ¶ 41.) He was admitted to Memorial Hospital of Martinsville with a diagnosis of sepsis pneumonia. Medical staff noted that Mr. Bray was severely dehydrated. (Id. ¶ 43.) He died on July 24, 2012. (Id. ¶ 45.)

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony. According to the rule, witnesses who are retained or are specially employed to provide expert testimony are required to submit a written report concerning their anticipated testimony. The report must contain: "a complete statement of all opinions the witness will express and the basis and reasons for them; the facts and data considered by the witness in forming them; any exhibits that will be used to summarize them; [and] the witness's qualifications . . . ." Fed. R. Civ. P. 26(a)(2)(B)(i)–(iv). "The test of whether a report is sufficiently complete and detailed to be in compliance with the rules is if surprise is eliminated, unnecessary depositions are avoided[,] and costs reduced." Chambers v. Nationwide Mut. Ins. Co., Case No. 5:00CV204, 2002 WL 343649360, at *3 (W.D.W. Va. Mar. 14, 2002). "Expert reports must not be sketchy, vague or preliminary in nature." Salgado v. General Motors Corp., 150 F.3d 735, 741 n.6 (7th Cir. 1998).

"Expert reports 'must include the 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions.'" Washington v. McKee, Case No. 4:06CV6, 2006 WL 2252064, at *2 (E.D. Va. Aug. 3, 2006) (quoting Salgado, 150 F.3d at 741). "The incentive for total disclosure is the threat that the expert testimony not disclosed in accordance with the rule can be excluded pursuant to Rule 37(c)(1). . . . The rule presents alternatives less severe than expulsion, however. If the expert's report contains only incomplete opinions, the court may choose to restrict the expert's testimony to those opinions alone." Id. (internal citations and quotations omitted).

Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); George & Co. LLC v. Imagination Entertainment Ltd., 575 F.3d 383, 392 (4th Cir. 2009). A genuine dispute of material fact exists "[w]here the record taken as a whole could . . . lead a rational trier of fact to find for the nonmoving party." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (internal quotation marks and citing reference omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute cannot be created where there is only a scintilla of evidence favoring the nonmovant; rather, the Court must look to the quantum of proof applicable to the claim to determine whether a genuine dispute exists. Scott v. Harris, 550 U.S. 372, 380 (2007); Anderson, 477 U.S. at 249−50, 254. A fact is material where it might affect the outcome of the case in light of the controlling law. Anderson, 477 U.S. at 248. On a motion for summary judgment, the facts are taken in the light most favorable to the non-moving party insofar as there is a genuine dispute about those facts. Scott, 550 U.S. at 380. At this stage, however, the Court's role is not to weigh the evidence, but simply to determine whether a genuine dispute exists making it appropriate for the case to proceed to trial. Anderson, 477 U.S. at 249. It has

been noted that "summary judgment is particularly appropriate . . . [w]here the unresolved issues are primarily legal rather than factual" in nature.  Koehn v. Indian Hills Cmty. Coll., 371 F.3d 394, 396 (8th Cir. 2004).

### III. DISCUSSION

"The comments of the Advisory Committee make clear that the expert's reports are to be a detailed and complete statement of the testimony of the expert on direct examination.  It is expected that the reports will be far more complete and detailed than the practice in responding to interrogatories under former Rule 26(b)(4)(i)."  Salgado v. General Motors Corp., 150 F.3d 735, 741 n.6 (7th Cir. 1998).  "Rule 26 enhances the district court's role as 'gatekeeper,' for it permits 'an early and full evaluation' of evidentiary problems in a case and allows the court to 'make an early pretrial evaluation of issues of admissibility' carefully and meticulously."  Id. (quoting Robinson v. Missouri Pacific R.R. Co., 16 F.3d 1083, 1089 (10th Cir. 1994)).

In order to be "complete and detailed" as envisioned by the rule, one commentator has stated that "a complete and detailed statement of all opinions . . . means that the report must contain the 'how' and 'why' the expert reached the conclusions and opinions contained in the report . . . ."  Id. (quoting Robert Matthew Lovein, Note, A Practitioner's Guide: Federal Rule of Civil Procedure 26(a)—Automatic Disclosure, 47 Syracuse L. Rev. 225, 257 (1996)).  "The report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources."  Id.; see also Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995).  "[I]n many case the report may eliminate the need for a deposition."  Sylla-Sawdon, 47 F.3d at 284; see also Sharpe v. United States, 230 F.R.D. 452, 459 (E.D. Va. 2005).

- 3 -

In the present case, Robin Taylor, R.N., Plaintiff's proposed expert witness, provided a nine-page report which detailed the opinions she holds in regards to this case. It is a thorough evaluation of the evidence she reviewed, the opinions she holds, and the reasons she holds them. It is not, by any stretch of the imagination, the type of "vague" or "sketchy" reports other courts have cautioned against. The crux of Defendant's objection to her report is to her conclusions, not the content of her report.

For example, Defendant argues that Nurse Taylor's conclusion that Mr. Bray's bed pad alarm is not supported by the evidence. In her report, however, Nurse Taylor documented at least five occasions where Mr. Bray was out of bed but there is no documentation that his bed pad alarm was sounding. Nurse Taylor states that "a reasonably prudent nurse . . . [d]ocuments each observation . . . ." (Report pg. 5.) She also concluded that Mr. Bray's bed pad alarm was not on and supported that conclusion with four reasons. (Id.) Defendant merely disagrees with her conclusion that the bed pad alarm was off. Such a disagreement is not cause to exclude Nurse Taylor's entire testimony; it is cause to cross-examine her as to her conclusions. See Activevideo Networks, Inc. v. Verizon Communications, Case No. 2:10cv248, 2011 U.S. Dist. LEXIS 157171, at *11 (E.D. Va. 2011) (noting that "'[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" (quoting Daubert v. Merrell Dow Pharms., 509 U.S. 579, 596 (1993))). A fact-finder must determine whether the bed pad alarm was on or off. It is not Defendant's place to say that the bed pad alarm was on and throw out any evidence to the contrary.

Moreover, Defendant's position that Nurse Taylor's testimony is essentially opining that its witnesses are "lying" is seriously flawed. To hold that Nurse Taylor cannot testify because

she disagrees with other witnesses essentially means that no expert witness can ever testify in any case. The whole point of the adversarial process is to find out what is true and what is not. Defendant's position seems to be that, whenever an expert witness disagrees with a fact witness, the expert must be excluded because her opinion necessitates the conclusion that someone is lying. Nurse Taylor's opinion goes to the facts; if a fact witness disagrees with her conclusion, it is the jury's job to determine who is correct.

Defendant also objects to Nurse Taylor's opinion regarding Mr. Bray's lethargy. While it is true that Nurse Taylor does not directly state that lethargy is a sign of dehydration, her report leads to that inescapable conclusion. Even if it did not, Defendant's own expert witness, Angela Mattocks, stated that lethargy "is a very non-specific sign [of dehydration] and it can be associated with many different medical conditions." (Mattocks Report pg. 6.) Moreover, Nurse Taylor supplemented her report in a timely manner. In that supplemental report, she stated explicitly that "lethargy can be a sign of dehydration." This report was filed before the close of discovery and is considered timely.

Nurse Taylor's supplemental report directly addressed each of the objections Defendant raised to her original report. While the original report complied with Rule 26, the supplemental report moots Defendant's motion. Plaintiff filed it on the day discovery closed (see Pretrial Order, Mar. 11, 2014 [ECF No. 4]),[2] and incorporated Defendant's last-minute supplemental discovery that it had filed the day before. Defendant has not offered any argument that the report was untimely or should not be accepted. Any claim that Defendant would be subject to unfair surprise during Nurse Taylor's testimony following a review of her reports is disingenuous.

---

[2] The Pretrial Order states that discovery "must be completed 45 days prior to trial." Nurse Taylor's supplemental report is dated September 19, 2014, which is 45 days before November 3, 2014, the scheduled start date of the trial.

- 5 -

## IV. CONCLUSION

Nurse Taylor's Rule 26 report complies with the letter and spirit of the rules. It gives a thorough accounting of her opinions and the bases and reasons for those opinions. Defendant's objections are arguments that should be made to a jury and are not grounds to exclude her testimony in its entirety. Moreover, Defendant's motion is mooted because Nurse Taylor filed a timely supplement to her report that directly addressed Defendant's objections to her opinions. Defendant has not offered any reason why that supplemental report is untimely or otherwise should not be allowed.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 9th day of October, 2014.

                                                  s/Jackson L. Kiser
                                                  SENIOR UNITED STATES DISTRICT JUDGE